■ The opinion of the Court was delivered by
O’Neall, J.
To two points in these cases has the attention of the Court of Errors been directed. The first is to the computation of interest; and the second, whether the lien of the mortgage has been released or removed by lapse of time?
1. We think the mode of computing interest was properly settled in O’Neall, guardian, vs. Bookman, 9 Rich. 90; and as equity follows the law, it can be hardly necessary to say anything more on this point. Indeed the full opinion of my brother Withers, in that case, on a contract like this, for the payment of interest annually, ought to supersede comment. But as this matter has been discussed in the Court of Errors, and as there still is variety of opinion among some of the members, it may be well enough to say that a majority are entirely satisfied with the decision in the case above alluded to.
The contract to pay interest annually is the same thing as if the party at the end of each year promised as much money as would be equal to the interest, which might then be due. In such a contract, there can be no doubt, interest must be computed on the sums thus annually set down as due. Although this may compound the interest, which is not a direct legal consequence of either the loan or forbearance of money; yet I think parties may make just such a contract without its being obnqxious to the charge of usury. For it is at last no more than taking seven per cent, interest on money forborne. For the interest on such a contract due at the end of the year is really so much forborne for another year. I agree entirely with what was said by one of the Chancellors — that too much *595 interest is charged and exacted in the accounts of trustees in equity. But it is to be remembered that they make no such contract as that before the Court. They are simply custodians of the funds in their hands, which they often keep for months and years before they can invest. Still they must pay interest, and sometimes in that Court accounts are made up with annual or semi-annual rests. If that be right and free from usury, how can it be said that a decision directing interest on interest to be annually computed on a contract stipulating for the payment of interest annually, is usurious. But I forbear; the point has been decided, and so it must remain.
3. It has been decided by the Court of Appeals in Equity, in this case, that the defendant could not rest on the statute of limitations. That decision is not now brought before the Court of Errors, but it can do no harm to say that I think it was decided right. For neither the defendant Eaves, nor any one of those under whom he claims, had ten years adverse possession of the premises. The several possessions cannot be linked togetheras was decided in King vs. Smith, 10 Rice. If Eaves had, fortunately for him, been in possession for ten years, after the case of Mitchell vs. Bogan, decided December Term, 1857, (and which ought to have been in the 1st No. of 11th Richardson,) I should not have hesitated at law, to have given him the benefit of the statute of limitations. For that case declares that the mortgagee, as against third persons, stands as at common law, and may maintain trespass to try titles. It may be in equity, that as the mortgage is on record, he may be charged, as a trustee, and thus prevented from relying on the bar of the statute. But that is not necessary to be now decided. The question is, does a presumption from lapse of time in this case arise that the lien of the mortgage has been released or removed ? There is no doubt that the debt, to secure which the mortgage was given, remains. For the presumption is rebutted by payments and the .judgment at'law. As a general rule, the security (the mortgage) ought to be regarded as co-existent with the debt. If there were *596 any facts which would go to show a separation, I would readily admit the force of a presumption that the lien of the mortgage was released, but that is not the case here ; for when the debt was assigned to the complainant, Wright, the mortgage was delivered to him, as accompanying the debt. If the original mortgagor was before the Court, could he pretend that the mortgage was released when the debt subsisted ? I do not perceive how he could legally rest on any such presumption from lapse of time. The defendant Eaves, claiming under him, can be in no better situation.
The answer of the defendant under the decree of December, 1852, makes a statement which shews that there can be no such a thing as a presumption from lapse of time that the mortgage lien has been released. For he tells us that in 1837, August, not more than fifteen years before the bill was filed, in a report in a case between J. B. Kennedy et at., heirs at law of the mortgagor, Robert Kennedy, vs. William Woods, administrator, et al., this very debt, to secure which the mortgage was executed, was set down as subsisting, and provision was made for its payment. But still it is clear it was not paid. It must be recollected that this was within eleven years of the creation of the debt and execution of the mortgage. There could be no presumption of either payment or release then. If nothing afterwards had been done, then, indeed, the presumption would have attached. But at Fall Term, 1841, still within less than twenty years from the creation of the debt, judgment was recovered at law on the bond, and payments were made on the judgment in ’42, ’43, ’44, to the amount of $1,470; not by the administrator of the obligor, but by Robinson, who had purchased the mortgaged premises, but had not taken titles, the purchase money being paid by John Kennedy, who took the titles, and under whom the defendant claims; this was clearly an admission of the subsistence of the legal lien of the mortgage to within six years of the defendant’s entry, and that would seem to be an end to the supposed presumption. The defendant’s cross *597 bill, too, shews that he does not rely so much on the supposed presumption of release as he does that the party complainant, without resorting to him, might recover his debt from the sureties of the administrators of Kennedy; and in this position, which admits the existence of the debt and of the mortgage too, I think he virtually admits everything necessary to establish the complainant’s rights.
I do not understand a presumption from the lapse of twenty years to be irrebuttible; but that it is evidence that all things have been done according to the usual conclusion from such long silence and acquiesence, until a contrary belief is created by facts inconsistent with it. Stover & Barnes vs. Duren, 3 Strob. 448; McQueen vs. Fletcher, 4 Rich. Eq. 160-1—2. I am satisfied that the facts of payments both before and after the recovery at law, the judgment at law, the delivery of the mortgage to the complainant, and the statements and defences of the defendant in his answer and cross bill, are utterly opposed to the presumption of release or removal of the lien of the mortgage.
With the judgments which we have expressed on the two points considered, the case is remanded to the Court of Appeals in Equity, to make such order as may conform thereto, and give effect to the complainant’s rights.
Withers, Glover, and Munro, JJ., concurred.
Whitner, J. I concur on the subject of interest with the foregoing judgment.
Johnston, Ch. I concur in the result of so much of this opinion as relates to the subject of interest.
Wardlaw, Ch. I concur as to the principal point concerning the presumption of release or satisfaction. I dissent on the question of interest.